Filed 7/14/26  Fales v. Select Portfolio Servicing CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM FALES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING,<br>INC. et al.,<br><br>    Defendants and Respondents. | H052728<br>(Santa Clara County<br>Super. Ct. No. 23CV423278) |

After they initiated nonjudicial foreclosure proceedings against his property, plaintiff William Fales sued the loan servicer Select Portfolio Servicing (SPS) and lender U.S. Bank N.A. (U.S. Bank).  Plaintiff alleged SPS repeatedly misapplied his timely and correct loan payments.  He now appeals from the judgment dismissing his second amended complaint after the trial court sustained defendants' demurrer without leave to amend.  For the reasons explained here, we will reverse the order sustaining the demurrer and remand the matter for further proceedings consistent with this decision.

## I.    BACKGROUND

The following factual summary is taken from the operative second amended complaint, accepting as true all well-pleaded material facts.  (*Environmental Health Advocates, Inc. v. Sream, Inc.* (2022) 83 Cal.App.5th 721, 728–729.)

Plaintiff owns properties located on Dean Avenue in San Jose and on Bean Avenue in Los Gatos.  Plaintiff obtained loans on the properties in June 2021:  A $600,000 loan secured by a deed of trust on the Dean Avenue property and a $975,000 loan secured by a deed of trust on the Bean Avenue property.  SPS began servicing both

loans in September 2021. The Dean Avenue loan was assigned to defendant U.S. Bank N.A. in August 2022. (At the same time Clear Recon Corporation, (Clear Recon) a non-party to this litigation, was substituted as trustee of the loans.)

Plaintiff was current on both loans until SPS took over servicing and misapplied the checks he sent in September 2021. Plaintiff notified SPS of the error after receiving his October 2021 statement, but SPS continued to apply plaintiff's payments incorrectly as between the two loans. Plaintiff also informed SPS that its misapplication had resulted in an IRS Form 1099 with incorrect figures. Plaintiff retained the services of Titan Credit to help him correct the problem. SPS eventually agreed to correct the errors, but did not remove the accumulated late fees or return the 18% default interest rate to the original 4.75 percent interest rate. As a result, the balance owing and amount due on the Dean Avenue loan remained incorrect. Plaintiff eventually hired an attorney to address the continuing problems with his loan payments. With the attorney's assistance, SPS acknowledged that plaintiff's previous payments were timely received but were not applied to the Dean Avenue loan. SPS noted in a June 2022 call log that it had received and scanned both of plaintiff's May 2022 checks but had not cashed and applied the one for the Dean Avenue loan.

SPS ultimately placed the Dean Avenue loan in default status. Plaintiff continued to send payments on the Dean Avenue loan, but SPS would either return or reissue them. In October 2022, SPS notified plaintiff by letter that it would refuse to accept any payment less than the total amount ($51,566.73) that SPS claimed was necessary to halt foreclosure. Clear Recon recorded a notice of default on the Dean Avenue property on May 10, 2023 based on the purportedly missed May 1, 2022 payment. The notice of default states that the total amount due as of May 4, 2023 was $42,995.65. Defendants recorded a Notice of Trustee's Sale in September 2023, scheduling sale for November 1, 2023.

Plaintiff commenced this action in September 2023 for defects in the notice of default under Civil Code sections 2924.17 and 2924, subdivision (a)(1)(B); unfair business practices under Business and Professions Code section 17200 et seq.;

2

negligence; and cancellation of instruments. Plaintiff alleged that defendants' conduct has damaged his credit, prevented him from securing loans for his work projects, and caused him to suffer other unspecified damages and injuries. Plaintiff also obtained a preliminary injunction to enjoin the foreclosure sale.

Defendants demurred and plaintiff filed a first amended complaint. The amended complaint added causes of action for intentional misrepresentation, negligent misrepresentation, defamation, breach of fiduciary duty and declaratory relief. Defendants again demurred and moved to strike portions of the first amended complaint, which the trial court sustained with leave to amend. Plaintiff then filed the operative second amended complaint, removing the causes of action for intentional misrepresentation, negligent misrepresentation, defamation and breach of fiduciary duty.

Defendants demurred and moved to strike portions of the second amended complaint. Following briefing and a hearing, the trial court sustained the demurrer without leave to amend as to all causes of action, and denied the motion to strike as moot. The trial court found plaintiff's factual allegations failed to state the statutory elements of a Civil Code section 2924.17 violation. It also found plaintiff had effectively conceded lack of specificity and materiality by relying entirely on the preliminary injunction finding that he had established a likelihood of success. (Plaintiff also argued that he had stated causes of action under both sections 2924.17 and 2924, subdivision (a)(1)(B) based on misapplication of his 2021 payments.) The court also found the second amended complaint did not state a cause of action for violation of Civil Code section 2924, subdivision (a)(1)(B) because it did not allege that the notice of default failed to include language required by statute, and plaintiff had not responded to defendants' argument regarding reasonable particularity. The trial court denied leave to amend and sustained the demurrer to the remaining causes of action because it viewed them as derivative of the two Civil Code claims.

## II. DISCUSSION

### A. LEGAL PRINCIPLES AND STANDARD OF REVIEW

We review de novo a judgment of dismissal based on a sustained demurrer. (*Organizacion Comunidad de Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 790.) The complaint's "allegations must be liberally construed, with a view to substantial justice between the parties" (Code Civ. Proc., § 452), and we will reverse the judgment if the allegations state a cause of action under any legal theory. (*Organizacion,* at p. 790.) Plaintiff must show that the facts pleaded are sufficient to establish every element of a cause of action and to overcome the grounds on which the trial court sustained the demurrer. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.) We assume the truth of all facts alleged in the complaint (*Organizacion,* at pp. 790–791), but we do not consider conclusory factual or legal allegations. (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953.)

### B. ANALYSIS

#### 1. The Second Amended Complaint States a Cause of Action Under Civil Code Section 2924.17

The trustee holds title under a deed of trust and has authority to sell the subject property in the event of default. (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 280.) To initiate foreclosure, the trustee, mortgagee, or beneficiary must record a notice of default. (Civ. Code, § 2924, subd. (a)(1); all further statutory references are to this Code.) The notice of default must identify the deed of trust and the trustor, and must state that a breach of the obligation secured by the deed of trust has occurred. It must also set forth the nature of each breach and announce the election to sell the property to satisfy the obligation that is in default. (§ 2924, subd. (a)(1)(A)–(C).) The notice serves to inform the trustor of the nature of the default and provide an opportunity to reinstate the secured obligation. (5 Miller & Starr, Cal. Real Estate (4th ed. Nov. 2025 Update) Notice of Default – In general, § 13:224.) The beneficiary

4

may not rely on any ground of default other than as stated in the notice. (*Miller v. Cote* (1982) 127 Cal.App.3d 888, 894.)

Section 2924.17, subdivision (a) requires that "a notice of default … recorded by or on behalf of a mortgage servicer in connection with a foreclosure … be accurate and complete and supported by competent and reliable evidence." (§ 2924.17, subd. (a).) Under section 2924.17, subdivision (b), before recording a notice of default "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." (§ 2924.17, subd. (b).) The purpose of that provision is to ensure the foreclosing entity reviews and confirms its right to foreclose. (*Lucioni v. Bank of America, N.A.* (2016) 3 Cal.App.5th 150, 163.) Section 2924.12, subdivision (a)(1) allows a borrower to seek injunctive relief to enjoin a "material violation" of section 2924.17. And for a material violation, the statute provides for both injunctive relief before a foreclosure sale is recorded and monetary damages after a trustee's deed upon sale has been recorded. (§ 2924.12, subds. (a) & (b).)

Plaintiff's section 2924.17 cause of action is based on the purportedly inaccurate notice of default recorded against the Dean Avenue property. Specifically, plaintiff alleged the notice falsely states that payment was due and not made on May 1, 2022, despite SPS's acknowledgement in June 2022 that payment had been timely received. Plaintiff also alleges defendants refused to accept his subsequent payments and demanded he pay not only the May 1, 2022 payment, but also fees and charges at an increased default 18% interest rate that had improperly accrued from SPS's misapplication of his earlier payments. By October 2022, SPS contended that the additional fees, charges and payments due had grown to over $50,000, which SPS demanded plaintiff pay to halt foreclosure. (We observe that the accuracy of the evidence relied on by SPS is further called into question by the discrepancy between the amounts SPS claimed to be due in the May 10, 2023 notice of default ($42,995.65) versus its October 2022 letter to plaintiff ($51,566.73).)

We conclude that plaintiff's allegations, which we must accept as true, sufficiently allege that the notice of default recorded by SPS was not "accurate and complete and supported by competent and reliable evidence" as required by section 2924.17, subdivisions (a) and (b). (See *Penermon v. Wells Fargo Bank, N.A.* (N.D.Cal. 2014) 47 F.Supp.3d 982, 997–998 [section 2924.17, subd. (a) cause of action stated where substantial increase in claimed arrears "could be explained by Defendant's failure to verify the amount with competent and reliable evidence."]; *Green v. Central Mortgage Company* (N.D.Cal. 2015) 148 F.Supp.3d 852, 876 [discrepancy between loan servicer's declaration and plaintiff's allegations stated plausible claim for section 2924.17 violation]; *Rothman v. U.S. Bank National Association* (N.D.Cal. 2014) 2014 Lexis 57518 at p. 21 [claim stated under sections 2924.12, subd. (a) and 2924.17, subd. (a) based on inaccuracies such as wrongfully levied charges and fees included in the notice of default].)

We are not persuaded by defendants' contention that plaintiff did not specifically allege that SPS had found and yet failed to apply his May 2022 check. Even if necessary to state a section 2924.17 violation, we can infer from plaintiff's allegations and the notice of default that SPS received but did not properly apply the May 2022 payment. We likewise find unpersuasive defendants' reliance on *Roca v. Wells Fargo Bank, N.A.* (N.D.Cal., Sept. 29, 2015) 2015 Lexis 133376. There the district court ruled that a section 2924.17 cause of action could be based on alleged misapplication of a loan payment and failure to verify the amount with competent and reliable evidence prior to recordation of default. The plaintiff was therefore granted leave to amend her complaint to allege that her account was current when the payment was made and that she was not otherwise in default as of the date stated in the recorded notice of default. (*Roca v Wells Fargo Bank, N.A.,* at p.23.) Here plaintiff alleged that he was current with his payments until 2021 when SPS became the loan servicer (and immediately began misapplying his payments), and that he was not otherwise in default when he submitted his May 2022 payment.

We also reject defendants' assertion that there was no basis to find a material violation of section 2924.17 where "[i]f SPS did not cash the [May 2022] check, [plaintiff] could have just sent another check in." According to the complaint, plaintiff did send checks and SPS rejected all later payments on the Dean Avenue loan. Further demonstrating materiality, plaintiff suffered harm that he would not have otherwise suffered but for SPS's conduct, including damage to his credit rating, difficulty in obtaining business loans, and the costs of attempting to correct SPS's errors and of litigating the foreclosure proceedings. (Compare, e.g., *Cardenas v. Caliber Home Loans, Inc.* (N.D.Cal. 2017) 281 F.Supp.3d 862, 870 (no material violation where no facts suggested statutory breaches affected loan obligations, disrupted loan modification process, or caused other harm]; *Galvez v. Wells Fargo Bank, N.A.* (N.D.Cal., Oct. 4, 2018, No. 17-cv-06003-JSC) 2018 U.S. Dist. Lexis 172087 at p. 12 [applying *Cardenas* standard].)

## 2. The Second Amended Complaint States a Cause of Action Under Civil Code Section 2924, Subdivision (a)(1)(B)

The operative complaint alleges defendants improperly invoked their power of sale because the purported breach was caused by SPS's errors and misapplication of payments. Accepting those allegations as true, they state a cause of action under section 2924, subdivision (a)(1)(B), which requires a notice of default to include, among other things, "[a] statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred." In order to comply with the statute, the notice of default must contain a *correct* statement of a sufficiently substantial breach to justify the trustee or beneficiary to declare a default and proceed with foreclosure. (*Little v. Harbor Pacific Mortgage Investors* (1985) 175 Cal.App.3d 717, 720; *Birkhofer v. Krumm* (1938) 27 Cal.App.2d 513, 523–524.) Here the breach identified in the notice of default cannot be correct if it is based on SPS's misapplication of plaintiff's payments. And as we have noted, the allegations that defendants improperly instituted foreclosure proceedings because SPS misapplied payments (and refused to correct other errors) are sufficient to show substantial harm and prejudice. (See *Melendrez v. D&I Investment,*

*Inc.* (2005) 127 Cal.App.4th 1238, 1257; *Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 700 [a plaintiff must show prejudice from procedural failures].)

### 3. Plaintiff's Remaining Causes of Action

The trial court sustained the demurrer to the remaining causes of action finding them derivative of the Civil Code causes of action. The trial court therefore did not reach defendants' alternative arguments. On remand, the trial court must determine in the first instance whether the demurrer to those remaining causes of action should be sustained in light of our conclusion that plaintiff has stated causes of action under sections 2923.17 and 2924, subdivision (a)(1)(B). We express no opinion regarding the validity of those causes of action.

## III.　DISPOSITION

The judgment is reversed and the order sustaining the demurrer to the second amended complaint is vacated. On remand, the superior court shall overrule the demurrer to the first and second causes of action and shall consider the demurrer to the remaining causes of action in the second amended complaint. As the prevailing party on appeal, plaintiff is entitled to appellate costs by operation of California Rules of Court, rule 8.278(a).

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


H052728
*Fales v. Select Portfolio Servicing, Inc. et al.*